H. E. SELDERS, APPELLEE, V. CORNHUSKER OIL COMPANY, APPELLANT.

FILED DECEMBER 7, 1923. No. 23641.

1. **Master and Servant: WORKMEN'S COMPENSATION LAW: CONSTRUCTION.** The workmen's compensation law should be liberally construed with a view to giving effect to its provisions and purposes.

2. ———: ———: **INJURY: TIME OF OCCURRENCE.** A latent accidental injury to a workman, seeming at first to be trifling, but subsequently resulting in disability, may be found to occur when discovered by means of X-rays, within the meaning of the workmen's compensation law, providing that no proceeding for compensation shall be maintained unless the claim therefor is made within six months from the occurrence of the injury. Comp. St. 1922, sec. 3056.

3. ———: **COMPENSATION: FINDINGS: REVIEW.** In a proceeding by a workman to recover compensation for an injury, the finding of the trial court on an issue of fact is final on review, if supported by sufficient evidence.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed.*

*Kennedy, Holland, DeLacy & McLaughlin* and *E. M. Clennon,* for appellant.

*Clifford L. Rein, contra.*

Heard before MORRISSEY, C. J., ROSE, DAY and GOOD, JJ., REDICK, District Judge.

ROSE, J.

This is a proceeding under the workmen's compensation law. Defendant was engaged in selling gasoline and oil at Thirteenth and High streets in Lincoln, where it had a filling station in which plaintiff was an employee. While he was performing the duties of his employment in the basement during a rain storm July 6, 1922, the outside door was suddenly forced open by a rush of water. Before plaintiff could escape through a trap-door he was overtaken by the water, and his back, as alleged, was permanently

injured by debris violently carried into the basement by the flood. After the injury he filed with the compensation commissioner a claim for compensation. From an award in his favor defendant appealed to the district court, where he recovered a judgment for $140 and compensation at the rate of $13.33 a week. Defendant has again appealed.

It is argued that the judgment should be reversed and the proceeding dismissed for the following reasons: Plaintiff did not claim compensation within six months from the date of his alleged injury, as required by the workmen's compensation law, and consequently his proceeding is not maintainable. Comp. St. 1922, sec. 3056. The injury for which plaintiff claims compensation was not sustained in the course of his employment. Are these positions tenable?

The accident occurred July 6, 1922. The claim was not filed with the compensation commissioner until April 17, 1923, an intervening period of more than nine months. There is testimony tending to prove these facts: Plaintiff was afflicted with a cold after he had been in the water July 6, 1922, but continued to perform his duties at the filling station until July 26, 1922. His health and strength appeared to be failing gradually, but he did not know the cause and consulted physicians who did not give him permanent relief or discover the nature of his disorder until it was disclosed for the first time by means of X-rays in 1923. A lumbar vertebra had been fractured. Promptly after this discovery plaintiff applied to the compensation commissioner for compensation, claiming that his injury was the result of the accident at defendant's filling station July 6, 1922. Was the proceeding maintainable after expiration of the statutory period of six months for the filing of claims? It has often been held that the workmen's compensation law must be liberally construed with a view to giving effect to its provisions and purposes. Referring to a latent injury which at first appeared to be trifling but subsequently resulted in the loss of an eye, it was observed in a recent opinion:

"It cannot be said that the injury resulted from the ac-

cident, within the meaning of the statute, before the time it was discovered that it might become permanent." *Johansen v. Union Stock Yards Co.*, 99 Neb. 328.

This reasoning, applied to the findings of the district court in the present case, supported as they are by sufficient evidence, justifies the conclusion that the proceeding was maintainable, plaintiff having filed his claim promptly upon discovering his latent, previously unknown injury and the cause of his disability.

Is the award for compensation sustained by the evidence? Disability is clearly shown. There is a reasonable view of the testimony in which it tends to prove that the fracture was caused by the accident at the filling station July 6, 1922, and resulted in plaintiff's disability. On this issue defendant took the position that the discovered deviation from the natural structure of the vertebra was due to an internal infection in no way traceable to an accident at the filling station or to external violence. In testifying on this phase of the controversy the physicians did not agree and there was proof on both sides of the issue. The evidence on behalf of plaintiff seems to sustain the finding in his favor. The reasons urged for a contrary holding, though ably presented, do not appear to call for an interference with the findings of the trial court.

AFFIRMED.