GEORGE F. McGUIRE, APPELLEE, v. PHELAN-SHIRLEY COMPANY ET AL., APPELLANTS.

FILED FEBRUARY 13, 1924.    No. 23546.

1. **Master and Servant:** COMPENSATION FOR INJURY: VENUE. A resident of Nebraska entered into a contract in this state with a Nebraska corporation, having its principal place of business in Omaha, to perform certain labor for the corporation in Iowa as its employee. While engaged in the allotted work in Iowa the employee incurred serious injuries. *Held*, that, under the employers' liability act, the subsequent proceedings for compensation are maintainable in Nebraska.

2. ———: WORKMAN'S COMPENSATION LAW: CONSTRUCTION. The workmen's compensation act is one of general interest, not only to the workman and his employer, but as well to the state, and it should be so construed that technical refinements of in-

terpretation will not be permitted to defeat it. *Parson v. Murphy*, 101 Neb. 542, L. R. A. 1918 F, 479.

3. ——: ——: INJURY: TIME OF OCCURRENCE. When latent injuries from an accident do not at first indicate disabilities which are compensable, an injured employee is not necessarily deprived of compensation under the workmen's compensation act (Comp. St. 1922, sec. 3056) for failure to demand his rights under the act before such rights can reasonably be ascertained. Accidents resulting in injuries which prove to be progressive in their nature sometimes belong to this class. *Selders v. Cornhusker Oil Co.*, *ante*, p. 300.

4. ——: ——: FINDINGS: REVIEW. In actions under the workmen's compensation act, we, have uniformly held that a finding of the district court on an issue of fact will not be set aside where there is sufficient competent evidence to support it. *Miller v. Morris & Co.*, 101 Neb. 169; *Anderson v. Kiene*, 103 Neb. 773; *Selders v. Cornhusker Oil Co.*, *ante*, p. 300.

5. ——: ——: PENALTY. When a suit is brought under the employer's liability act and the facts disclose a reasonable basis for controversy, in respect of the nature of the employee's injury, and as to whether it is permanent or is progressive in its nature, the employer is not subject to the penalty for waiting time provided by section 3048, Comp. St. 1922.

APPEAL from the district court for Douglas county: WILLIAM G. HASTINGS, JUDGE. *Affirmed.*

*Kennedy, Holland, DeLacy, & McLaughlin* and *Edward J. Svoboda,* for appellants.

*J. J. Friedman, contra.*

Heard before MORRISSEY, C. J., ROSE, GOOD, DEAN and DAY, JJ., REDICK, District Judge.

DEAN, J.

In this suit plaintiff seeks to recover compensation from defendants under the employers' liability act for injuries sustained at Silver City, Iowa, where, as an employee, he assisted in operating a ditching machine of the Phelan-Shirley Company, a general construction company, hereinafter called the company. The General Accident, Fire &

Life Assurance Corporation, hereinafter called the insurance company, carried the company's accident insurance and is a codefendant. When the case was heard in the district court, on appeal from the award of the compensation commissioner, which was in plaintiff's favor, the award was affirmed except as to the payment of a penalty for waiting time which was disallowed by the district court. The judgment involved here comprises the following items, namely, $15 a week for 300 weeks less $70 compensation which was formerly paid by defendant, $12 a week for the remainder of plaintiff's life, and $200 for hospital bills less $132 which the company paid before the action was begun. An attorney's fee of $250 was also allowed by the court. From the judgment in plaintiff's favor and from the allowance of an attorney's fee defendants appeal. Plaintiff prosecutes a cross-appeal from the court's disallowance of the payment of a penalty for waiting time.

Defendant's argue that, because the contract of employment was to be performed in Iowa and the accident happened there, it follows that plaintiff's suit should have been brought in Iowa, and that it cannot be maintained in Nebraska even though plaintiff is a resident of Nebraska and the company has its principal place of business in Nebraska and the contract of employment was made in Nebraska.

The workmen's compensation act provides, *inter alia,* that it "shall apply * * * to every employer in this state employing one or more employees, in the regular trade, business, profession or vocation of such employer." Comp. St. 1922, sec. 3029. The legislature did not provide that the act should have the effect contended for by the company, under the facts before us, and we have no desire to import to it a meaning which is not supported by its language. *Kennerson v. Thames Towboat Co.,* 89 Conn. 367; *State v. District Court,* 139 Minn. 205; *Pierce v. Bekins Van & Storage Co.,* 185 Ia. 1346; *North Alaska Salmon Co. v. Pillsbury,* 174 Cal. 1. There are jurisdictions which hold to the contrary, but the reasoning does not appeal to us and we prefer the rule here announced.

The workmen's compensation act is one of general interest, not only to the workman and his employer, but as well to the state, and it should be so construed that technical refinements of interpretation will not be permitted to defeat it. *Parson v. Murphy,* 101 Neb. 542, L. R. A. 1918 F, 479. We think the proceeding is maintainable in this state.

In respect of plaintiff's employment, it appears that on December 15, 1919, he entered into a written contract with the company, at its office in Omaha, and by its terms he agreed to superintend the dismantling of a "drag line machine" at Silver City, Iowa, and also to superintend its removal to Indianola, Iowa, to be there used in excavating a ditch in Warren county. The contract provided further that all excavating was to be superintended by plaintiff, and that when the ditch was completed plaintiff should superintend the moving of the machine "to the nearest shipping point, or elsewhere, as directed" by the company. Besides his salary of $150 a month for labor and superintendence, while engaged in moving, plaintiff was to receive a stipulated sum for each cubic yard of earth removed, and a bonus of $300 if the ditch was completed and accepted on or before December 1, 1920, by the proper officers of the county.

When the machine was dismantled and loaded on the cars at Silver City, plaintiff, with other members of the company's crew, was engaged in removing the debris from about the boarding camp preparatory to moving away. Shortly before this, perhaps the same day, the roof of the camp building was removed and was left leaning against a tree. While plaintiff, in the course of his employment, was picking up tar paper and rubbish in the vicinity of the leaning roof, it fell on him, injuring his head and crushing his body to the ground.

The company contends, that, even though the action is maintainable in this state, liability does not attach, under the facts and the law, and that the suit should be dismissed. The argument, *inter alia,* is that plaintiff did not give "no-

McGuire v. Phelan-Shirley Co.

tice of the injury  *  *  *  as soon as practicable after the happening thereof." Nor was the claim for compensation made within six months after the injury, all as required by section 3056, Comp. St. 1922.

The position seems to be untenable. The statute does not require in every instance that the employee shall give notice of his injury or present his claim for compensation within six months from the date of the accident. The accident and disability may not be simultaneous. Accidents frequently occur where the true nature of the injury and the resulting disability are not discernible for a considerable time even with the aid of scientific skill. When latent injuries from accidents do not at first indicate disabilities which are compensable, an employee is not necessarily deprived of compensation under the workmen's compensation act (Comp. St. 1922, sec. 3056) for failure to demand his rights under the act before such rights can reasonably be ascertained. An accident resulting in an injury which proves to be progressive in its nature belongs to this class.

The rule was recently discussed in *Selders v. Cornhusker Oil Co., ante,* p. 300. In the *Selders* case it was held that compensation would not be denied an employee even though his claim for compensation was not made within six months after the date of his injury, where there was competent evidence to support the court's finding that the disability was progressive in its nature and was not discoverable until after the statutory six months had elapsed. In the present case there is sufficient evidence to bring plaintiff's claim within the rule. The injury to plaintiff, now a hopeless cripple, was shown to be progressive in its nature, and it resulted in permanent disability which was not reasonably discoverable in time to serve notice or to file a claim for almost two years after the date of the accident.

We do not agree with defendants' argument that the judgment is not supported by the evidence. The effects of the injury, as discovered by two examining physicians shortly before the trial, clearly show that it is progressive and permanent, and that such injury to the head might, in all like-

lihood, vitally affect memory. One of the physicians testified that "cases of fracture of the bone or vertebra, where there is a disability for two or three weeks, and then the man apparently feels all right and can go about and do ordinary labor, and then after a period of, say two or three years, he will become completely disabled." Another physician made two examinations, the first about two months before the trial and the second only a few days before. He testified that a man "receiving a knock on the head" might be able to remember one thing and not be able to remember another; that, if there is a destruction of certain groups of brain cells, "one is never able to remember certain events that have been associated with those particular nerve groups or nerve cells; therefore a person could never recall it. * * * He could remember some facts and he could not remember other facts;" that the injury to his back "might produce modified paraplegia or weakness of the lower extremities; * * * not a total paralysis but a weakness; what we call a paresis rather than paralysis, * * * interfering with motion and with his strength."·

Certain letters are in the record which were addressed to the company and also to the insurance company soon after tLe accident, to which plaintiff's name was signed, and in the letters the writer protested that plaintiff should not have been compelled to quit work. But there is evidence going to show that the letters were written by plaintiff's wife without his authority and without his knowledge. There is also evidence tending to prove that his return to work, about three weeks after the accident, was at the earnest solicitation of the company, and that the insurance company either consented thereto or made no protest against it.

In actions under the workmen's compensation act we have uniformly held that a finding of the district court on an issue of fact will not be set aside where there is sufficient competent evidence to support it, and that appears in the present case. *Miller v. Morris & Co.*, 101 Neb. 169; *Anderson v. Kiene*, 103 Neb. 773; *Selders v. Cornhusker*

*Oil Co., ante,* p. 300.   The rule to which we adhere is well settled in this state.

In respect of plaintiff's cross-appeal from the finding of the district court in the matter of the disallowance of waiting time, we conclude that plaintiff's objection is not well taken and the cross-appeal is therefore denied.   The circumstances in connection with the injury and its subsequent progressive development made the final result appear to be somewhat uncertain, for a time, as to whether the injury was permanent.   Hence defendants should not be charged with the statutory penalty for waiting time under section 3048, Comp. St. 1922.

Another point may be noticed briefly.   Defendants argue that, in view of the fact that the $70 payment of compensation, hereinbefore referred to, was made by it, March 1, 1920, plaintiff's claim is barred because he did not begin his action within one year thereafter, pursuant to section 3061, Comp. St. 1922.   So far as applicable here the statute provides:

"In case of personal injury, all claim for compensation shall be forever barred unless, within one year after the accident, the parties shall have agreed upon the compensation payable under this act, or unless, within one year after the accident, one of the parties shall have filed a petition as provided in section 3680 (3602) hereof.   *   *   *   Where, however, payments of compensation have been made in any case, said limitation shall not take effect until the expiration of one year from the time of the making of the last payment.   In the event of legal disability of an injured employee, said limitation shall not take effect until the expiration of one year from the time of removal of such legal disability."

The argument does not appeal to us.   The payment of the $70 was apparently made under a misapprehension of the real nature of the injury and the consequences arising therefrom.   For the reasons already stated, we do not think the action should be barred on any of the grounds urged by defendants.

Other questions have been raised by appellants which we have examined but do not find it necessary to discuss. The judgment is

AFFIRMED.