CITY OF HASTINGS, APPELLANT, V. WILLIAM SAUNDERS,
APPELLEE.

FILED MARCH 19, 1926.   No. 24968.

1. Master and Servant: EMPLOYERS' LIABILITY ACT: TIME FOR
   FILING CLAIM: LATENT INJURY. Where an employee is acci-
   dentally injured, and such injury is latent and of a progressive
   nature, and subsequently culminates ·in a compensatory disability,
   a claim for such injury under our employers' liability act may be
   filed with the compensation commissioner at any time within one
   year after the culmination thereof.
2. Evidence examined, and *held* sufficient to sustain the judgment
   of the trial court.

APPEAL from the district court for Adams county:
WILLIAM A. DILWORTH, JUDGE. *Affirmed.*

*Charles E. Bruckman, Paul E. Boslaugh* and *Edmund ·P.
Nuss,* for appellant.

*Tibbets, Dungan & Tibbets, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY, GOOD,
THOMPSON and EBERLY, JJ.

THOMPSON, J.

In this action William Saunders, an employee of the city
of Hastings at the date of the accident here involved, seeks
to recover under our compensation act for total permanent
disability. The district court for Adams county found in
his favor, from which judgment the city appeals, chal-
lenging recovery on two grounds: That claimant did not
lodge his claim with the compensation commissioner within
one year after the accident; and that settlement of all dam-
ages was had between the parties and full payment made
long prior to such filing with the commissioner.

As we view the record, the employment is admitted, and
also that the accident arose out of and in the course of the
same; that the disability caused thereby is total and of a
permanent nature. We further find that the injuries suf-
fered by the claimant were, as to a part thereof, of such a

character as not to be easily detected; that they were of a progressive nature, slow in their development, and did not fully culminate until within about eleven months before the claim was lodged with the compensation commissioner; that the city, as well as the insurance company indemnifying it, and the claimant, at all times recognized that compensation was due the claimant by reason of the accident; and the city and such insurance company so dealt with the claimant up until about five months before the lodgment of this claim.

Considering the above facts, together with others reflected by the record, to hold with the city that this claim was barred by reason of not having been filed with the commissioner within a year from the date of the accident would be a denial of justice, and would be to give the act a strict rather than a liberal construction, as the act provides, and as we have held, should be done. As we view the situation here presented, the law as applied to the facts in the cases of *Selders v. Cornhusker Oil Co.,* 111 Neb. 300, and *McGuire v. Phelan-Shirley Co.,* 111 Neb. 609, is controlling in the case now under consideration, and the conclusion of the trial court that the claim was not barred is right.

The contention on the part of the city that settlement was had under, and in accordance with, the compensation act stands denied by the claimant, and resisted on the ground of fraud and mistake. On the issue thus raised, conflicting evidence was introduced, and was of such a nature as would warrant the court in finding for or against such contention. However, as the court under these conditions found in favor of the claimant, this finding will be followed in this court unless clearly wrong (*Anderson v. Kiene,* 103 Neb. 773), which latter is not so found by us.

The judgment of the trial court is, in all things,

AFFIRMED.