ROSARIO ASTUTO, APPELLEE, v. V. RAY GOULD COMPANY, APPELLANT.

FILED APRIL 22, 1932. No. 28286.

*Crossman, Munger & Barton,* for appellant.

*Davey & Hayes,* contra.

Heard before Goss, C. J., Rose, Dean, Day and Paine, JJ., and Horth, District Judge.

Paine, J.

This is an action brought under the workmen's compensation law by Rosario Astuto, an employee of the V. Ray Gould Company, for an injury and subsequent disability sustained by him while working on the construction of the new Burlington depot at Omaha, Nebraska, on or about January 30, 1930.

The facts in the case disclose that Rosario Astuto, appellee, is a 29-year-old mosaic worker, a married man with one child, and was employed during January, 1930, by the V. Ray Gould Company as a common laborer on the new Burlington depot at Omaha, Nebraska, at 40 cents an hour for a nine-hour day. While so engaged, on or about January 30, 1930, in moving large, heavy stone blocks weighing approximately 1½ tons, which at that time were frozen to the ground, which were being raised by crowbars to a wooden sled about six inches high, and while prying one of these large stones off the ground, appellee felt a very sharp pain in the lower right portion of his back, which caused him to sit down and rest for a period of about 20 minutes. This happened about 3:30 in the afternoon, and appellee, after resting, finished out the day, but did only light work. It is claimed that notice was given to the employer through the timekeeper on the morning after the accident, and he was assigned lighter work. He continued working on light work for about three weeks, at which time he was dismissed from the appellant's employ. Several nights following the accident, the family physician was called, and was told by Astuto of having injured himself, but, notwithstanding, a diagnosis of kidney disease was made and he was treated accordingly.

In June, 1930, appellee, while following his trade, felt a pain in his right lower back and leg, and his physician treated him for sciatic rheumatism, and between that time and November of that year he was treated by four differ-

ent doctors. He continued to suffer increasing pains, and in June, 1931, when much worse, consulted Dr. O'Brien, who diagnosed his condition as a severe sacro-iliac derangement or sprain, and applied a plaster cast in hospital treatment. Appellee claims it was not until then that he learned for the first time that his affliction was traumatic in nature.

Upon August 1, 1931, he filed his petition before the labor commissioner, asking for compensation and medical treatment.

The compensation commissioner decided in favor of the appellee, and he was granted compensation and doctor bills until disability ceased. From this decision the appellant took an appeal to the district court for Douglas county, Nebraska, which latter court affirmed the finding of the compensation commissioner, and judgment was entered in favor of the appellee.

The finding of the district judge, William G. Hastings, was that appellee was injured about January 30, 1930, while employed as a laborer by the appellant company; that such injury was considered but slight, and while he had been treated by several physicians that none of them ascertained the real injury or treated him for it, and so he refused to allow their fees; that Dr. O'Brien began treating him in June, 1931, and discovered the trouble was the result of the original injury, and allowed his fee of $235.50 and St. Catherine's Hospital bill of $58.65. Judge Hastings found that he was now totally disabled, and entitled to compensation of $14.40 a week and attorney's fees of $100.

The appellant takes exceptions to each and all of the findings of the district court. It is insisted that the court erred in refusing to dismiss appellee's petition for failure to make claim for compensation within six months of the disability, as required by section 48-133, Comp. St. 1929, and for failure to file petition for compensation within one year after the occurrence thereof, as required by section 48-138, Comp. St. 1929.

It has been held many times by this court that failure to file claim, or bring suit within the specified time, does not defeat the right to compensation where the injury is latent, provided the notice is given and the action commenced within the statutory period after the employee has knowledge that compensable injury has resulted. *Travelers Ins. Co. v. Ohler*, 119 Neb. 121; *City of Hastings v. Saunders*, 114 Neb. 475; *McGuire v. Phelan-Shirley Co.*, 111 Neb. 609.

In spite of sharply conflicting medical testimony, the district court found that this injury, which at first appeared slight, remained latent, and that it was of a progressive nature, and that claim was made within the time required after the nature of his injury was discovered with certainty. The court also found that the injury was at the time of the hearing permanent. This court has recently held that, while compensation cases are tried *de novo* here, yet this court will consider the fact that the trial court observed the witnesses and their manner of testifying, and must have accepted one version of the facts rather than the other. *Southern Surety Co. v. Parmely*, 121 Neb. 146; *Enterprise Planing Mill Co. v. Methodist Episcopal Church*, 100 Neb. 29.

It is clear that appellee knew that he had a difficulty in his back and consulted a number of doctors before he found one who finally located his trouble as all coming from the original injury. Under this state of evidence, this court could not find that the appellee knew, during all those months, the cause of his injury, when the doctors were unable to correctly diagnose it. It strikes us that the facts of this record disclose a typical case of latent injury.

No error is found in the record, and an attorney fee of $50 is allowed the appellee for services in this court.

AFFIRMED.