EARL MARLER, APPELLEE, V. GRAINGER BROTHERS, APPELLANT.

FILED JULY 8, 1932. No. 28341.

*Stewart, Stewart & Whitworth,* for appellant.

*Peterson & Devoe, contra.*

Heard before GOSS, C. J., DEAN, GOOD and EBERLY, JJ., and BEGLEY and BLACKLEDGE, District Judges.

BEGLEY, District Judge.

Action to recover workman's compensation. From a decree awarding such compensation the defendant has appealed.

Earl Marler, the plaintiff, while in the employ of Grainger Brothers, on September 25, 1928, was engaged in unloading sugar from a railroad car. A metal gang plank was placed between the car door and the unloading platform. Marler in the course of his employment pushed a hand truck loaded with sacks of sugar on this gang plank which slipped out of position, and as the front part of the truck went down, the rear part was thrown into the air, and Marler, having hold of the handles, was also thrown upward, and in the fall struck the lower part of his abdomen on the front right handle of the truck with the full weight of his body. Plaintiff was then receiving wages from the defendant at the rate of $80 a month and was paid compensation for a short period. He returned to work in four or five weeks and continued until about July 1, 1929, when because of his physical condition, which was gradually growing worse, he was compelled to quit work. Thereafter he filed a petition with the compensation commissioner, which was denied, and plaintiff thereafter appealed to the district court. Before the hearing in the district court, the plaintiff under direction of competent surgeons was operated

on for hernia, but he apparently received no relief. The petition filed in the district court contained the following allegation as to injuries:

"The muscles of his abdomen were stretched, torn and bruised; plaintiff received a rupture or hernia; the muscles, ligaments and tendons of his groin were stretched, torn and bruised; plaintiff's leg was rendered lame, was bruised and permanently injured; the normal action of his intestines was permanently impaired and as a result of said accident plaintiff is unable to do work of any kind and has been permanently injured."

The answer was a general denial. The district court denied the plaintiff any compensation, but rendered a decree finding that the plaintiff has heretofore received all the compensation to which he is entitled. Said decree has not been appealed from.

On February 9, 1931, the plaintiff commenced this new action against the defendant before the compensation commissioner, claiming that since the prior adjudication on November 20, 1929, by the commissioner, he developed a latent and unexpected disability consisting of a post traumatic neurosis, increased heart rate, dizziness, and general debility as a result of the alleged injury of September 25, 1928, and that by reason thereof plaintiff was totally and permanently disabled, entitling him to compensation and medical benefits.

The defendant filed an answer thereto alleging among other things that the issues joined and tried and determined in the prior case in the district court and the subject-matter there involved are the same issues and subject-matter involved in this new action; that the judgment therein estopped and barred plaintiff from claiming any further compensation by reason of the alleged accident, and further alleged that the commissioner did not have jurisdiction of the parties or the subject-matter; that by reason of the judgment entered in the district court in the prior case the plaintiff is estopped and barred from claiming any further compensation; that he

failed to make claim for compensation from defendant as required by law, and that by reason thereof the alleged cause of action is barred; that plaintiff's disability is not the result of the said alleged accident. A hearing was had in the district court and plaintiff was awarded compensation as prayed. The court made the following findings:

"The court further finds that subsequent to the hearing before the compensation commissioner in November, 1929, and subsequent to the hearing on appeal therefrom had in this court in January, 1930, and subsequent to the final determination thereof in this court, the plaintiff herein developed a disability as a result of the injury aforesaid, which, at the time of the prior hearings hereinbefore referred to, was latent and was then unknown to the plaintiff and undiscernible to either the plaintiff himself or to his physicians.

"The court finds that since the hearing aforesaid, the plaintiff developed and is now suffering from post traumatic neurosis, increased heart rate and loss of acuity of vision, at times amounting to almost blindness, and that said disability is the direct result of the injury sustained by the plaintiff on September 25, 1928.

"The court finds that said disability was not discernible nor diagnosed until in October, 1930, and that plaintiff's condition in October, 1930, was a disability progressive in character which reached its consummation or culmination on or about January 1, 1931.

"The court further finds that the plaintiff made claim for said disability within six months from the time that said disability became known to him and within two months from the time of the consummation or culmination thereof and filed his petition for a determination of his disability, before the compensation commissioner of the state of Nebraska, on February 5, 1931, and that an award was entered in favor of the plaintiff by the compensation commissioner on the 19th day of October,

1931, from which award the defendant herein has prosecuted this appeal.

"The court finds that the plaintiff, as a result of the injury aforesaid, is now and has since January 1, 1931, been totally and permanently disabled by reason of the latent and undiscernible disability in the form hereinbefore found and which was neither known nor discernible nor put in issue at the former hearing.

"The court finds that the plaintiff is entitled to compensation in the sum of $12.33 per week beginning on January 1, 1931, and continuing thereafter so long as said total and permanent disability shall continue, but not to exceed 300 weeks, including the period for which compensation has heretofore been paid, and that from and after the expiration of said 300 weeks, plaintiff shall receive compensation at the rate of $8.30 per week for the rest of his natural life."

Then follows a further finding that plaintiff is entitled to recover medical expenses in the sum of $620 from the defendant, and that he will require further medical care and treatment and that the same should be furnished by the defendant as required.

Three questions are raised by the appeal: (1) Is recovery of the compensation barred by the former proceedings? (2) Was notice of claim given within the required time? (3) Is plaintiff's present condition caused by the injury received in the course of employment?

The first contention of the appellant is that the recovery of compensation is barred by the former proceedings. The testimony of two physicians is to the effect that the present injury is latent and of a progressive nature and was not discovered until October 30, 1931. Under our compensation act it is held that, where an injury is latent and of a progressive nature and culminates in a compensatory disability, claim may be filed within a year after the culmination thereof. *Travelers Ins. Co. v. Ohler,* 119 Neb. 121; *McGuire v. Phelan-Shirley Co.,* 111 Neb. 609; *City of Hastings v. Saunders,* 114 Neb. 475.

"The estoppel of a judgment extends only to the facts in issue as they existed at the time the judgment was rendered, and does not prevent a reexamination of the same questions between the same parties where in the interval the facts have changed or new facts have occurred which may alter the legal rights or relations of the litigants." 34 C. J. 905.

The former case was predicated upon the existence or nonexistence of a hernia, while the present action is based upon the existence of a post traumatic neurosis, culminating as the court found on January 1, 1931.

The second contention of the appellant is that the notice of the claim was not given within the required time. This court is committed to the doctrine based upon sound principles and conscience that, where injury is latent and of a progressive nature and culminates in a compensatory disability, the statutory limitation begins to run from the culmination and not from the time of injury. In the present case there is no testimony to the effect that the conditions now found in the plaintiff were present at the time of the former trial. There is no testimony that any doctor at that time had even a suspicion that the case would develop as it actually did. Plaintiff's doctors, both men of standing in their profession, who saw him almost continuously, testified that they did not diagnose the case as post traumatic neurosis until in October of 1930. It is true that doctors representing the defendant testified that he was previously nervous. None of them testified that they then recognized a post traumatic neurosis.

The case was filed before the compensation commissioner on February 9, 1931, within forty days after the culmination of the disability. The case was therefore filed within the statutory period from the date of the culmination of the disability. See *Henry Cowell Lime & Cement Co. v. Industrial Accident Commission*, 211 Cal. 154, 75 A. L. R. 1118, with note.

The appellant next contends that the plaintiff's present condition is not caused by the injury received in the course of his employment. The record shows that the nervous condition of the plaintiff, preexisting, was aggravated by the injury and that the nervous condition plus the injury has produced the condition which we now find.

Dr. Smith testified: "After having seen this man between some fifty and sixty times during the course of two years and three months, I would say that his present condition, as I have seen it develop, is the direct result of the trauma received in the course of his work in 1928."

Dr. Johnson testified: "There is a definite proximate relationship exists in that there is no unbroken nor intervening factors to account for this present condition. It is established by the history, by the trauma that he received, and by the surgical treatments following his injury in each successive step, one has been built one upon the other to the present time without a break."

No doctor or medical advisor testified to the contrary, and the evidence shows that the present condition was absent at the former hearing.

The decree of the district court is therefore affirmed and appellee is allowed an attorney fee of $200 on this appeal.

AFFIRMED.