JOSEPH C. FLESCH, APPELLEE, V. PHILLIPS PETROLEUM
COMPANY, APPELLANT.

FILED NOVEMBER 4, 1932.   No. 28544.

(1)

*Gaines, McGilton, McLaughlin & Gaines,* for appellant.

*Henry G. Meyer* and *James C. Kinsler, contra.*

Heard before ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

ROSE, J.

This is a proceeding under the workmen's compensation law. Joseph C. Flesch, plaintiff, was employee, and Phillips Petroleum Company, defendant, was employer.

Plaintiff was engaged in the duties of his employment March 10, 1931, in an automobile service station operated by his employer at Forty-eighth and Dodge streets, Omaha. While then and there at work below the rear end of an automobile which had been elevated to a height of 55 inches on a hoist, he attempted to loosen rear shackle bolts with an iron bar which suddenly slipped when he was suspended thereon by his hands and, leaning forward, he unexpectedly fell six inches or more and landed with the balls and toes of his feet on a concrete floor. Alleging he thus sustained compensable injuries to his feet, he presented his claim to the compensation commissioner, who disallowed it. Plaintiff appealed to the district court for Douglas county and proceeded on the theory that the accident resulted in permanent disability in the form of traumatic arthritis in his feet. The claim was resisted by defendant on the grounds that the arthritis was caused by infection independently of the accident and that the necessary six months' statutory notice of a claim for compensation had not been given. The district court found the issues in favor of plaintiff and rendered a judgment in his favor for $15 a week from July 1, 1931, to September 1, 1931; $12.50 a week from September 1, 1931, to March 1, 1932; $15 a week thereafter during disability; $145 for services of his physician. Defendant appealed.

On a trial *de novo* in the supreme court, defendant presented a formidable argument on the proposition the employer proved by a preponderance of the evidence that the disability for which the employee claimed compensation was caused by infectious arthritis as distinguished from traumatic arthritis and not by an accident. This was the principal issue on which the parties divided.

Some material facts are not in dispute. Plaintiff entered the employ of defendant in January, 1931, when he was 23 years of age. As a prerequisite to his employment he was subjected to a physical examination by a physician of defendant's selection. As a result plaintiff was certified to be in a good condition of health without mention of any physical defects. Prior to March 10, 1931, he was not handicapped by any infirmity in his feet, but whenever he walked thereafter he suffered pain and weakness therein and was thus hampered in his work. He had fallen from the iron bar on which he had been suspended and had landed on his feet in the manner stated in his claim for compensation. He complained of his injuries without delay and on the night following the accident he treated his feet for pains and soreness. Continuously thereafter he sought and received the services of physicians without substantial improvement of his condition and lost his position July 1, 1931, when injuries to his feet unfitted him for the services he had been performing at defendant's service station and for any other work requiring him to be constantly on his feet. After the accident he suffered from pain and weakness in the metatarsal arch of his right foot where arthritis in some form developed. The facts thus outlined are not open to serious controversy. Plaintiff walked with crutches at the time of the trial and was totally disabled within the meaning of the workmen's compensation law, if his disabling injuries resulted from the accident March 10, 1931; the rule of law applicable to his disability being as follows:

"A workman, who, solely because of his injury, is un-

able to perform or to obtain any substantial amount of labor, either in his particular line of work, or in any other for which he would be fitted except for the injury, is totally disabled within the meaning of the workmen's compensation law." *Wingate v. Evans Model Laundry,* 123 Neb. 844.

In the present proceeding the trial in the district court on the main issue was a contest between expert witnesses. One physician testified for plaintiff and four for defendant. All resorted to physical examinations of plaintiff or to hypothetical questions, to radiographs or X-ray pictures of his feet, to the history of the accident, to the nature of the arthritis and to expert knowledge as bases of expert opinions. There was no disagreement on the point that arthritis may be either traumatic or infectious, the former being caused by a wound and the latter by an infection.

Plaintiff's physician testified that, to find a source of infection that would account for arthritis, he made without success an exhaustive search extending to laboratorial tests. Giving reasons, he expressed, in effect, the opinion that there was a fracture of, or a traumatic injury to, the distal end of the fifth metatarsal bone of plaintiff's right foot as the result of the accident and that the wound caused the arthritis from which plaintiff suffers. The experts called by defendant expressed the opinion, in substance, that the fall did not cause a traumatic injury resulting in arthritis and that the disorder was caused by an infection. Tonsils were mentioned as a source of arthritis, but they were promptly removed by surgery and plaintiff thereafter grew worse instead of better. A definite source of infectious arthritis was not discovered. Moreover, defendant's experts admitted they did not exhaust the sources of knowledge on this subject or have the benefit of laboratorial tests, though a focus of infection, if pointed out, would have strengthened their diagnosis and weakened the testimony of plaintiff's expert. Cogent reasons that strengthen the opinion of an

expert witness as to a scientific fact in issue and tend to weaken opposite expert opinions not so supported may determine the issue. The circumstances support the claim for compensation. The expert testimony on behalf of plaintiff rests on the better foundations. The reasons given for the opinion of plaintiff's expert are more cogent than the reasons given for the contrary view expressed by the four experts on the other side. The evidence preponderates in favor of plaintiff.

Was failure to give the statutory notice shown? From the beginning defendant had actual knowledge of the accident. In contemplation of law the employer did not prove the defense that plaintiff's claim for compensation was defeated by failure to give the employer notice of the claim within six months. The accident occurred March 10, 1931. Defendant received legal notice December 2, 1931, through the proceedings before the compensation commissioner. Plaintiff was not entitled to compensation for a total disability caused by traumatic arthritis before July 1, 1931, and statutory notice was given within six months thereafter. Until that date he continued to work at defendant's service station except during short intervals while he was temporarily excused to procure treatment and to rest his feet. In the meantime he drew his wages and sought relief from physicians selected by defendant or from other physicians to whom he went on his own initiative. The statute provides:

"No proceedings for compensation for an injury * * * shall be maintained, * * * unless the claim for compensation with respect to such injury shall have been made within six months after the occurrence of the same." Comp. St. 1929, sec. 48-133.

Physicians employed by defendant and a physician consulted by plaintiff did not agree before July 1, 1931, or at any subsequent date, that plaintiff had a disability known as "traumatic arthritis" traceable to the accident March 10, 1931. It would be exacting too much of an ordinary laborer and layman to charge him with knowl-

edge of an obscure scientific fact about which experts disagree and require him to give at his peril a notice based on that hypothesis. Such was not the import or purpose of the legislative act. The accident and the compensable injury were not simultaneous. From March 10, 1931, until July 1, 1931, the accident did not deprive defendant of his wages. The injury was latent and progressive during that period and did not at first indicate a compensable injury. Liberally construing the workmen's compensation law to give effect to its provisions and purposes, it has often been held that failure to give the employer notice of a claim for compensation within the statutory period of six months is not necessarily a defense, if the accidental injury is latent and progressive and cannot with reasonable certainty be recognized at first as compensable, where notice is given within six months from the time the employee acquires knowledge of a compensable disability as a result of the accident. *Selders v. Cornhusker Oil Co.*, 111 Neb. 300; *McGuire v. Phelan-Shirley Co.*, 111 Neb. 609; *Johansen v. Union Stock Yards Co.*, 99 Neb. 328; *Travelers Ins. Co. v. Ohler*, 119 Neb. 121; *City of Hastings v. Saunders*, 114 Neb. 475; *Astuto v. V. Ray Gould Co.*, 123 Neb. 138. Failure to give timely notice, therefore, was not established as a defense.

The trial court charged defendant with $145 for services of William J. Nolan, a physician selected by plaintiff. This ruling is criticized as erroneous. It is insisted that skilled physicians in the employ of defendant were ready, able and willing to give plaintiff all necessary attention and treatment and that the employment of Nolan was unnecessary and unauthorized. A careful consideration of the record leads to the conclusion that the circumstances justified the selection of Nolan and the allowance for his services. A sufficient reason for reversing the judgment below has not been given. Plaintiff is allowed $150 for the services of his counsel in the supreme court.

AFFIRMED.