JAMES C. CLARY, APPELLEE, V. R. S. PROUDFIT COMPANY, APPELLANT.

FILED MARCH 23, 1933. No. 28689.

*Rosewater, Mecham, Burton, Hasselquist & Chew,* for appellant.

*Harry R. Ankeny, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

ROSE, J.

This is a proceeding under the workmen's compensation law. Comp. St. 1929, secs. 48-101 to 48-161. James C. Clary, employee, is plaintiff. The R. S. Proudfit Company, employer, is defendant.

Plaintiff claims he suffered a compensable injury while engaged in the duties of his employment, earning $80 a month, as yardman in the lumber yard and elevator operated by defendant in Seneca, Thomas county, April 10, 1928. His disability is arthritis in his right knee, totally and permanently destroying the use of his right leg. He attributes this condition to the accidental striking of his knee on the round of a ladder which he was ascending in the elevator.

The compensation commissioner dismissed the proceeding on the ground that plaintiff did not claim compensation within six months after the occurrence of the injury.

Comp. St. 1929, sec. 48-133. Plaintiff appealed to the district court, where he recovered judgment for $12.27 a week for 215 weeks from September 11, 1928, or $2,-638.05. Defendant appealed to the supreme court.

Defendant contends that plaintiff is not entitled to compensation, because he failed to give notice of the injury within the time limited by the statute, which provides:

"No proceedings for compensation for an injury under this article shall be maintained, unless a notice of the injury shall have been given to the employer as soon as practicable after the happening thereof; and unless the claim for compensation with respect to such injury shall have been made within six months after the occurrence of the same." Comp. St. 1929, sec. 48-133.

The evidence on the issue of notice is conflicting. Plaintiff testified that he notified defendant's foreman of the accident the night after it occurred or the next morning, giving place and details and saying that he bumped his knee in the elevator, but not very hard. The foreman denied as a witness that notice was given, but he knew that plaintiff's right leg was shorter than the other one, having been broken years before; admitted his limping was worse immediately after April 10, 1928. Witness said he was then defendant's foreman at Seneca and had been for many years; that it was his duty to report to his employer injuries to employees. When all the direct testimony is considered in connection with the surrounding circumstances, the preponderance of the evidence as to notice of the accident is found to be in favor of plaintiff. Timely notice to or knowledge of a foreman, whose duty requires him to report accidents to his employer, is sufficient. *Johansen v. Union Stock Yards Co.*, 99 Neb. 328; *Simon v. Cathroe Co.*, 101 Neb. 211.

The judgment below is challenged as void on the ground that the district court did not acquire jurisdiction on appeal from the compensation commissioner, because the petition on appeal was not verified by plaintiff in the

manner provided by law. The defect upon which this challenge is based is failure of plaintiff to verify his petition by oath. By supplemental transcript the petition shows it was verified by the attorney for plaintiff during the latter's absence from the county. This method of verification is authorized by statute. Comp. St. 1929, sec. 20-831.

The principal ground upon which defendant relies for a reversal of the judgment allowing compensation is the barring of the proceeding by failure of plaintiff to make a claim for compensation within six months after the occurrence of the injury. The date of the alleged accident was April 10, 1928, and plaintiff did not make his demand for compensation until he filed his petition with the compensation commissioner July 17, 1930—an intervening period of more than two years. In the argument in support of this defense reference is made to testimony of J. L. Pennington, a practicing physician at Thedford, to the effect that he treated plaintiff from May 17, 1929, to September 28, 1929; that in May, 1929, plaintiff said he had injured his knee, which was the cause of his trouble, and asked if that was the start of it; that the physician told him "it could be, as it was." Pennington testified that he did not treat plaintiff for rheumatism; that he considered his trouble arthritis, "due to some source of infection." This is not sufficient proof that plaintiff had knowledge of a compensable injury six months before he filed his claim or that the proceeding was barred by lapse of time. Dr. Clarence Emerson of Lincoln testified in effect that he got the history of the case and made a physical examination of plaintiff in February, 1930; that the use of his right knee and leg was destroyed by traumatic arthritis; that the cause of the disability was at first difficult to determine; that the disabling disease progressed slowly, culminating about the time of plaintiff's examination in February, 1930; that there was some indication of later progress but no material change afterward; that there was no evidence of

arthritis in other joints; that since the knee only was the seat of the disease, the blow there was the cause of the injury. These views were positively expressed and were supported by cogent reasons. There is no convincing evidence to the contrary. Plaintiff testified he was treated by Pennington for rheumatism and contradicted testimony that he was told his trouble was infectious arthritis. The proper deduction from the evidence as a whole is that plaintiff, from the beginning, treated the blow on his knee as a trifle; attributed his trouble, which grew gradually worse, to rheumatism; worked for defendant and drew his wages from the time of the accident until September 11, 1928, when he was totally disabled; went to a sanitarium at Edgemont September 12, 1928, and was there treated for rheumatism without improvement; visited Grand Island clinic and was there treated for the same trouble; at different times and places took baths and was exposed to Violet rays; was examined for tuberculosis of the bone; had eight teeth extracted; had tonsils removed—all for infections and all in vain as remedies for his injured knee. From his experiences and the professional advice of different physicians, he had a right to assume, as he did for months, that his slight blow on the round of the ladder was not the cause of his disability. If it was caused solely by an infection, independently of an accident, he was not entitled to compensation and, so believing, he could not previously have made conscientious claim under the compensation law. Pennington, in testifying, said he did not believe he understood the nature of the injury, though saying he told plaintiff that infectious arthritis was the cause. He did not point out a source of infection and none was shown. The weight of evidence was to the contrary. On this issue the findings are that plaintiff did not know the cause of his disability until he was examined by Emerson in February, 1930, and then learned for the first time of its origin; that the injury was slight at first, was latent, and that the diseased condition did not culminate, within the

meaning of the law, until plaintiff acquired knowledge of the fact in February, 1930; that plaintiff presented his claim for allowance of compensation before six months therefrom. Within the meaning of the law barring claims for compensation of a workman, if not made within six months, a latent accidental injury, seeming at first to be trifling and noncompensatory, but subsequently resulting in a progressive disease and a disability, occurs when its true nature is discovered by him or when the diseased condition culminates in disability. *Johansen v. Union Stock Yards Co.*, 99 Neb. 328; *Simon v. Cathroe Co.*, 101 Neb. 211; *Selders v. Cornhusker Oil Co.*, 111 Neb. 300; *McGuire v. Phelan-Shirley Co.*, 111 Neb. 609; *City of Hastings v. Saunders,* 114 Neb. 475; *Travelers Ins. Co. v. Ohler,* 119 Neb. 121; *Astuto v. V. Ray Gould Co.*, 123 Neb. 138; *Collins v. Casualty Reciprocal Exchange,* 123 Neb. 227; *Flesch v. Phillips Petroleum Co., ante,* p. 1; *Montgomery v. Milldale Farm & Live Stock Improvement Co., ante,* p. 347.

Since the recovery is not reduced on appeal, an attorney fee of $150 for services in the supreme court is allowed in favor of plaintiff and taxed to defendant as costs pursuant to statute.

AFFIRMED.