MEMORANDUM ON MOTION TO DISMISS BILL OF COMPLAINT
ADKINS, J.
This suit was filed by plaintiff to enjoin the enforcement of an order of the Deputy Commissioner dated October 22, 1934, finding that Harry P. Lutz while in the employ of Bell & Smith sustained a personal injury on or about May 14, 1934, which grew out of his employment and resulted in disability.
The injury was the occupational disease of lead poisoning. The Deputy Commissioner found that this disease totally disabled the employe on or about May 14, 1934.
The defense is that the claim for disability was not filed within one year from the time the disability occurred.
Claimant Harry P. Lutz is a painter and was employed by Messrs. Bell and Smith intermittently between August 19, 1932, and May 14, 1934, and came in contact with lead paint continuously during his employment.
In April, 1933, plaintiff found that there was something wrong with his wrist; he consulted a physician who informed him that there was nothing wrong with it, taped the wrist up and directed him to return to work, which he did. He felt all right and continued to work until June 2,1933, when he was unable to work and he was away from work for several days. On June 15, 1933, there was a tentative diagnosis of lead poisoning, and this diagnosis was made positive on July 14, 1933. Claimant returned to work in August, 1933. Later he left the employ of Bell & Smith and worked for several months with the Civil Works Administration. That work terminated and during April, 1934, he returned to Bell & Smith and worked for them until about May 14, 1934, when there was a recurrence of the lead poisoning.
*28 His claim for compensation was filed June 13,1934.
1. The Deputy Commissioner found as a fact that the ocupational disease of lead poisoning totally disabled claimant on or about May 14,1934.
I think there was substantial evidence before the Commissioner to justify this finding. It seems to me immaterial that claimant had suffered from the disease during the preceding year if he had recovered sufficiently to return to wo.rk.
2. Plaintiff contends however that since the disease first disabled claimant on June 2, 1933, the year began to run from that date.
While there is some conflict in the authorities I think the reasonable construction of the statute is that the claim before the Commission is filed in time if it is filed within one year after the employe had knowledge that compensable disability had resulted. He did not have this knowledge until his case was diagnosed as lead poisoning.
See White v. La. Western R. Co., (La.) 135 So. 255; Astuton v. Ray Gould Co., (Neb.) 242 N.W. 375; Montgomery v. Milldale Farm Co., 124 Neb. 347; Selder v. Cornhusker Oil Co., 111 Neb. 300.
See also Kropp v. Parker, Deputy Commr., decided by Chesnut, D. J., (Dist. Md.) Vol. 8, No. 4, Fed. Supp. 290.
The cases on both sides are discussed in Marsh v. Industrial Accident Comm., (Cal.) 86 A. L. R. 563. I think the facts of the present case bring it within the rule there announced (p 571).
Therefore the motion to dismiss is granted.