JOE KEENAN, APPELLEE, v. CONSUMERS PUBLIC POWER DISTRICT ET AL., APPELLANTS.

40 N. W. 2d 261

Filed December 12, 1949. No. 32657.

*Kirkpatrick & Dougherty,* for appellants.

*Keenan & Corbitt,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action under the Workmen's Compensation Act by Joe Keenan, plaintiff and appellee, against Consumers Public Power District, a corporation, and United States Fidelity & Guaranty Company, the insurance carrier, defendants and appellants, for workmen's compensation claimed to be due on account of an accident and injury sustained by plaintiff on July 16, 1946, while he was employed by the defendant Consumers Public Power District. The claim is solely and alone for hospital and doctors' bills. For convenience the Consumers Public Power District will be hereinafter referred to as the company.

The case was tried first by one judge of the compensation court where the judgment was in favor of the defendants. Appeal was taken to the district court where the cause was tried. An award and judgment was rendered in favor of plaintiff for $512.95 and costs, and an attorney's fee in the amount of $100. Motion for new trial was filed which was overruled whereupon the defendants appealed to this court.

Numerous assignments of error are set out but all of them do not require separate consideration. Only those having pertinence to the determination of the questions involved will be mentioned.

On July 16, 1946, plaintiff was in the employ of the company. On that date on behalf of the company he went to an oil station referred to in the record as the Baumann bulk plant at Grafton, Nebraska, to change an electric service for a pump. The electric line to the pumps carries 220 volts. Plaintiff proceeded to cut the line with a pair of pliers. In doing so he got a severe electric shock. As a result he fell to the ground and for a time was unconscious or partially so. He went to a doctor and thereafter stayed at home for a few days. He lost no pay however on account of time away from work. Thereafter he went to the doctor once or twice. Following the accident nervousness developed, he began losing sleep, and he lost appetite. This condition grew steadily worse

until in January 1947 when he fell and was unconscious for a period of time. Following this the doctor who had treated him at the time of the accident came to the house. He appears to have been under the care of this doctor from then on until about September 1947. He had other seizures of unconsciousness, the number of which is not made certain. Between January and April of 1947 he complained to representatives of the company and expressed to them his belief that his condition was a result of the accident. In April of 1947 the company sent him to a Dr. Welch who made an examination. Dr. Welch gave no testimony but it appears from the testimony of other witnesses given without objection that Dr. Welch reported that there was no relation between the accident and plaintiff's condition. The doctor who treated him at the time of the accident and cared for him thereafter was unable to determine whether or not there was a relation between the accident and the later condition so he advised plaintiff to see another doctor. In September 1947 plaintiff submitted himself to Dr. Stein, a psychiatrist of Lincoln, Nebraska. Dr. Stein took a history which included the accident and subsequent events and gave it as his opinion that the condition of plaintiff was a result of the accident. This opinion is in the evidence adduced by plaintiff on the trial of this case. He treated plaintiff who readily responded to the treatment. The treatment appears to have been completely successful.

In their assignments of error the defendants urge that the court erred in permitting the plaintiff to change his petition in the district court and present an issue there different from those tried in the compensation court. The substance of the contention is that the petition filed in the workmen's compensation court together with the date of filing disclosed the commencement of an action which was barred by the appropriate statute of limitation, whereas the petition in the district court showed the same facts but pleaded other facts which negatived the operation of the statute of limitation against the claim. Factu-

ally the contention of the defendants in this respect is correct. The accident occurred on July 16, 1946, and the action was commenced December 20, 1947. The commencement of the action was more than one year from the date of the accident.

Section 48-137, R. S. 1943, provides: "In case of personal injury, all claim for compensation shall be forever barred unless, within one year after the accident, the parties shall have agreed upon the compensation payable under this act, or unless, within one year after the accident, one of the parties shall have filed a petition as provided in section 48-173." The petition therefore was on its face demurrable but the defendant did not demur. It raised the question by answer.

Thus the question became an issue in the workmen's compensation court and the parties presumptively tried the question as an issue there. Under law it was a determinable issue.

This court has held that the literal limitation of the statute has no application where the injury is latent and progressive and the employee is without knowledge of the condition. In such case the action may be brought within one year from the time knowledge is obtained. McGuire v. Phelan-Shirley Co., 111 Neb. 609, 197 N. W. 615; City of Hastings v. Saunders, 114 Neb. 475, 208 N. W. 122; Travelers Ins. Co. v. Ohler, 119 Neb. 121, 227 N. W. 449; Astuto v. V. Ray Gould Co., 123 Neb. 138, 242 N. W. 375; Marler v. Grainger Bros., 123 Neb. 517, 243 N. W. 622; Flesch v. Phillips Petroleum Co., 124 Neb. 1, 244 N. W. 925; Lind v. Nebraska National Guard, 144 Neb. 122, 12 N. W. 2d 652, 150 A. L. R. 1449; Dryden v. Omaha Steel Works, 148 Neb. 1, 26 N. W. 2d 293.

Though the petition in the district court negatived the running of the statute, which was not true of the petition in the workmen's compensation court, it may not be said that it presented a new issue. The pleadings were different but the issues presented by the parties for determination were the same.

By two of the assignments of error the defendants complain that the court erred in finding that the plaintiff sustained a latent and progressive condition such as would toll the statute of limitations. Another in substance is that the court erred in finding that plaintiff did not know that his condition was due to and caused by the electric shock more than one year prior to the date of the commencement of the action. The determination upon the first two assignments depends upon the conclusion with regard to the last, therefore the three will be treated as a single proposition.

On the record made it must be said that the condition of plaintiff was caused by the accident. The evidence of the plaintiff fully sustains this viewpoint and it is not contravened by any other evidence in the record. The fact is that the defendants adduced no evidence whatever on any proposition except certain testimony of plaintiff given at the trial in the workmen's compensation court and this testimony did not relate to the cause of plaintiff's condition.

As indicated by cases already cited herein if the injury was latent and progressive and was unknown to plaintiff until within one year prior to the commencement of the action the contention of these three assignments may not be sustained.

The evidence is conclusive on the proposition that it was progressive. It progressed from nervousness, sleeplessness, and loss of appetite to seizures of unconsciousness. That it was latent is almost equally conclusive. The attending physician makes abundantly clear by his testimony that he was unable to ascertain whether or not the condition was a result of the accident. A doctor of the defendants made an examination and reported that it was not. It was not until September 1947, after examination and treatment by Dr. Stein, that it was ascertained that the accident was the cause of the condition. If over this period of time two doctors were unable to discover a relationship between the accident and injury and it was

not until plaintiff placed himself in charge of a psychiatrist that the discovery was made, it appears reasonable to say that the injury was latent.

It appears that for more than a year before the commencement of the action the plaintiff had a belief and insisted that the condition was a result of the accident but until September 1947 he obtained nothing in confirmation of his, a layman's, belief.

The defendants contend that this belief arises to the dignity of knowledge more than one year before the action was commenced. We do not so construe it. It cannot reasonably be said that a patient's belief with reference to his ailment partakes of the nature of knowledge when trained medical men are unable to confirm his belief.

In Astuto v. V. Ray Gould Co., *supra*, the following statement pertinent here was made: "If an employee suffers an injury, which appears to be slight, but which is progressive in its course, and which several physicians were unable to correctly diagnose, his failure to file claim, or bring suit within the time limited by law, will not defeat his right to recovery, if he gave notice and commenced action within the statutory period after he had knowledge that compensable disability resulted from the original accident."

In Flesch v. Phillips Petroleum Co., *supra*, it was said: "It would be exacting too much of an ordinary laborer and layman to charge him with knowledge of an obscure scientific fact about which experts disagree and require him to give at his peril a notice based on that hypothesis. Such was not the import or purpose of the legislative act."

It is concluded therefore that the district court did not err in the findings referred to by the three mentioned assignments of error.

Next the defendants contend in substance that plaintiff gave testimony in the workmen's compensation court which was in conflict with testimony given in the district

court and that because thereof he was estopped to have the district court consider his evidence in the particular respect considered on the trial. The complaint relates to claimed conflicting testimony relating to the question of knowledge on the part of the plaintiff of his true condition and the time with reference to the date of commencement of action when he came into or had knowledge of the cause of his condition.

If the evidence may be considered as conflicting with evidence given at the trial, it must be considered as immaterial on the point raised by the assignment since it relates to knowledge or claim on the part of plaintiff on April 15, 1947, a date well within a year prior to the date of the commencement of the action.

The evidence in addition does not appear to be in conflict with that given on the trial. On the trial plaintiff testified that he claimed and insisted that his condition was due to the accident. The testimony in this respect given in the workmen's compensation court fairly interpreted is an assertion that he, on April 15, 1947, claimed that his condition was due to the electric shock. The testimony involved is contained in a single question and answer as follows: " 'And you knew at that time and claimed at that time, did you not, that the condition about which you complained is due to or claimed to be due to and caused by the electric shock you received?' * * * 'Yes.' " The answer given by plaintiff, when the question is stripped of its complexity and viewed in the light of its true import, is nothing more than a reiteration of his position with regard to the accident and his condition, that is, his claim that his condition was a result of the accident.

The remaining assignments of error do not require separate consideration.

The judgment of the district court is affirmed and an attorney's fee is allowed in the amount of $150.

AFFIRMED.