HARRY PLAMBECK, APPELLANT, v. NATKIN & COMPANY, APPELLEE.

107 N. W. 2d 734

Filed February 24, 1961. No. 34940.

*Tesar & Tesar,* for appellant.

*Gaines, Spittler, Neely, Otis & Moore,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, WENKE, SPENCER, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is a case arising under the Workmen's Compensation Act. It was heard by one of the judges of the court who dismissed the cause. It was again heard before the court sitting en banc. It was again dismissed. It was taken under statutory procedure to the district court where the plaintiff's petition was again dismissed.

Plaintiff appeals here. We reverse the judgment of the trial court and remand the cause with directions.

The appeal presents primarily the question of whether or not the cause is barred by the 1-year limitation provision of section 48-137, R. R. S. 1943.

The matter comes up under the procedure which requires trial de novo here.

Plaintiff was 42 years of age at the time of the accident, was a steamfitter, and had been doing the heavy work of that trade for 20 years. He had been steadily employed by defendant as a steamfitter for 4 years. On May 15, 1957, while so employed, and when lifting a heavy pipe he slipped and strained his back. His fellow employees and his foreman were notified. He made out a written report of the accident. On May 22, 1957, he consulted his doctor and was directed to undergo home therapeutic treatments. He returned to the doctor on July 8, 1957, when his back was X-rayed. He was sent to another doctor. The diagnosis was that of a spondylolisthesis, or a slipping of the vertebra of his

back. The spondylolisthesis was "in all probability * * * a congenital deformity." A back of that nature is more prone to cause symptomatology should there be an unusual strain thrown upon it.

The doctor to whom plaintiff was referred prescribed a supporting belt. Plaintiff bought it, and defendant paid for it and also paid the two doctors' bills. No other payments were made to plaintiff. Defendant's contention here is that the 1-year limitation period began to operate when it made the last of the three payments for medical treatments above referred to. They were paid more than a year before the plaintiff filed his petition in the compensation court.

No question is presented as to the injury nor that it did not arise out of and in the course of employment. Likewise there is no claim of lack of notice or lack of claim for compensation within the statutory time.

Plaintiff's wages were $3.30 an hour for a 40-hour week, with occasional overtime. Plaintiff worked at all times from the date of his accident to April 20, 1958. He wore the brace furnished by defendant. He was given light work by defendant, and his fellow employees assisted him. In April 1958 he became unable to work as the result of an "exacerbation of an inflammatory process that afflicted both lower extremities." This was the return of a preexisting condition. It was relieved so that he returned to work in July 1958. He worked until September 14, 1958. His disability that then caused him to quit work is described as a rash and thrombophlebitis with stasis ulcers. He was required to sit during the day with feet elevated during the period of treatment and recovery. That situation appears to have cleared up in December 1958 but, as a result of his position and treatment, his back condition became worse and he became totally disabled for the hard work of his trade. The only medical evidence is that his condition is the result of the accident of May 15, 1957. On December 15, 1958, he went to the defendant and asked

for therapeutic treatment which had been recommended before surgery was undertaken. The defendant refused to furnish treatment because of a claim that it was no longer liable.

The petition for compensation was filed February 3, 1959.

Since March 1959 plaintiff has been employed, doing light work consisting of answering telephone calls, etc., in an office.

In summary, this record shows without substantial dispute that plaintiff suffered an accident on May 15, 1957; the examining physician reported it to defendant as a nondisabling injury; defendant furnished the only care required, to wit, the back brace; plaintiff continued to work until April 1958 and was paid full wages therefor; and he was off work because of a preexisting physical condition not connected with his employment from sometime in April to July 1958, when he again resumed work at full time and full pay until September 1958, when he was again off work because of a preexisting condition not connected with his employment. Defendant was advised of plaintiff's total disability on December 15, 1958, and that it was a result of the injury of May 1957.

Defendant offered no evidence challenging the correctness of this statement of facts.

We have decided the questions presented by this record.

A long-established rule is: "The applicable rule of construction of the Workmen's Compensation Act is that it be liberally construed to the end that its beneficent purposes may not be thwarted by technical refinement of interpretation." Tilghman v. Mills, 169 Neb. 665, 100 N. W. 2d 739.

In Travelers Ins. Co. v. Ohler, 119 Neb. 121, 227 N. W. 449, we held that an employee, sustaining an accidental injury arising out of and in the course of his employment, will not be denied compensation for failure

to give notice of claim within 6 months or to commence his action within 1 year from the date of the accident, when it appears from the evidence that the injury was latent and did not result in compensable disability until after the expiration of the time for giving notice of claim and commencing action, *provided notice is given and action commenced within the statutory period after the employee has knowledge that the accident has caused a compensable disability.*

This rule threads throughout our decisions. A study of the decisions show that they turn on the question of knowledge of a compensable disability. The rule may well have had its inception in Johansen v. Union Stock Yards Co., 99 Neb. 328, 156 N. W. 511. See, in sequence, Selders v. Cornhusker Oil Co., 111 Neb. 300, 196 N. W. 316; McGuire v. Phelan-Shirley Co., 111 Neb. 609, 197 N. W. 615; City of Hastings v. Saunders, 114 Neb. 475, 208 N. W. 122; Astuto v. V. Ray Gould Co., 123 Neb. 138, 242 N. W. 375; Collins v. Casualty Reciprocal Exchange, 123 Neb. 227, 242 N. W. 457; Marler v. Grainger Bros., 123 Neb. 517, 243 N. W. 622; Flesch v. Phillips Petroleum Co., 124 Neb. 1, 244 N. W. 925 (a case with marked fact similarities to the one here determined); Clary v. R. S. Proudfit Co., 124 Neb. 582, 247 N. W. 417. In Park v. School District No. 27, 127 Neb. 767, 257 N. W. 219, there was an application of this rule, where compensation was denied, because plaintiff showed an injury "if compensable at all" from the date of the accident. Here there is no claim of a compensable injury until December 15, 1958, other than the one for which compensation was furnished by supplying the brace and in the payment of the doctors' bills. The question is again discussed and the rule stated in Dunlap v. City of Omaha, 131 Neb. 632, 269 N. W. 422, where an injured person with knowledge that he was entitled to compensation failed to seek it during the statutory period.

Scott v. State, 137 Neb. 348, 289 N. W. 367, disposes of the question, if there be one here, of whether or not

the injury here involved is to be considered as "latent" under the rule. There the defendant had paid compensation. There was an application for increased compensation. Defendant contended that proceedings for compensation for the increased disability could not be brought except 1 year from the date of the last compensation payment. We held: "Equitably, an increased disability, where compensation has been paid periodically for more than six months under a valid agreement or a formal award, must be treated as analogous to a latent injury * * *." See, also, Lind v. Nebraska National Guard, 144 Neb. 122, 12 N. W. 2d 652, 150 A. L. R. 1449; Surratt v. Otoe Food Products Co., 146 Neb. 854, 21 N. W. 2d 862; Keenan v. Consumers Public Power Dist., 152 Neb. 54, 40 N. W. 2d 261; Hauff v. Kimball, 163 Neb. 55, 77 N. W. 2d 683.

We have here undertaken to answer the questions that are presented by this appeal. We find that the trial court erred in holding that this cause was barred by the statute of limitations. We find that it was not so barred. We find also that there is ample and in fact uncontradicted evidence that the plaintiff at the time of the hearing was totally and temporarily disabled, and that the disability began on December 15, 1958. There is not sufficient evidence upon which a finding of permanent total disability may be made. It is conceded that plaintiff suffered an injury on May 15, 1957, and that such injury arose out of and in the course of his employment. We find that the evidence shows without dispute that plaintiff's temporary total disability is the result of the injury of May 15, 1957. The amount of plaintiff's wages is as recited herein and is not in dispute.

The judgment of the district court is accordingly reversed and the cause remanded with directions to render a decree in accord with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.