ALBERT S. MONTGOMERY, APPELLEE, V. MILLDALE FARM & LIVE STOCK IMPROVEMENT COMPANY, LTD., ET AL., APPELLANTS.

FILED FEBRUARY 10, 1933. No. 28661.

*Story & Thomas,* for appellants.

*J. C. Alexander* and *Deutsch & Stevens, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

ROSE, J.

This is a proceeding under the workmen's compensation law. Comp. St. 1929, secs. 48-101, 48-161. Albert S. Montgomery, employee, is plaintiff. The Milldale Farm & Live Stock Improvement Company, employer, and the Maryland Casualty Company, carrier of compensation insurance, are defendants.

While plaintiff was engaged in the duties of his employment, mowing hay on a farm operated by his employer in Logan county, he was thrown from a tractor August 23, 1930. He claimed that in falling he struck the rim of the tractor seat with his back and that he thus sustained compensable injuries causing at first muscular spasms and later traumatic arthritis in the sacro-iliac area. He applied to the compensation commissioner for relief and recovered an award of $15 a week for 300 weeks for a temporary total disability. Defendants appealed to the district court, where plaintiff was allowed $15 a week for 300 weeks and thereafter $12 a week during his life; also attorney fees of $300, and expenses of physicians as follows: W. W. Graham, $42; Orr & Thompson, $15; Roscoe L. Smith, $25; H. C. Crabtree, $37; Campbell Clinic, $37.50. From the judgment of the district court defendants appealed to the supreme court.

It is earnestly argued by defendants that the proceeding was barred on the ground that plaintiff did not make a claim for compensation within six months after the occurrence of the injury. The statutory provision invoked by defendants follows:

"No proceedings for compensation for an injury under this article shall be maintained, unless a notice of the injury shall have been given to the employer as soon as practicable after the happening thereof; and unless the claim for compensation with respect to such injury shall have been made within six months after the occurrence of the same." Comp. St. 1929, sec. 48-133.

Following is a chronology of events: August 23, 1930, accidental injury of employee and notice of accident to employer; May 25, 1931, employee first learned his employer carried compensation insurance; June 4, 1931, notice of claim for compensation given; August 12, 1931, permanent disability of employee first discovered by means of X-rays at Campbell Clinic, Norfolk; June 3, 1932, employee recovered award by compensation commissioner; October 11, 1932, judgment of district court in favor of employee.

Defendants insist that the statute barring a claim for workmen's compensation, if not made within six months, is mandatory and jurisdictional; that the time begins to run when an accident causes a compensable disability; that the compensable disability occurred on the date of the accident, August 23, 1930; that the claim for compensation was not made until June 4, 1931, a period of more than six months; that consequently the proceeding for compensation is barred.

On the other hand, the employee contends that the accidental injury was latent and progressive; that its true nature was not discoverable at first and was not known until revealed by X-rays August 12, 1931; that the claim for compensation was made in time June 4, 1931, within the meaning of the rule that the proceeding may be commenced within six months from the time the employee acquires knowledge of a compensable disability, as held in *Flesch v. Phillips Petroleum Co., ante,* p. 1, and cases cited therein.

In support of the defense that the proceeding was barred, defendants refer to testimony of the physician first consulted by the employee three days after the accident and assert that it shows the employee had definite knowledge in October, 1930, of the seriousness of the injury and that the claim for compensation was not made within six months from that time. It is true that, for the purpose of urging an X-ray examination, owing to the uncertainty of a diagnosis without it, the employee was warned of the danger of bone injuries, but he was not told his own were of that nature. On the contrary, he was advised that the trouble was muscular and confined to soft tissues and that he would soon recover. Two other physicians who treated him later gave similar advice. He was diligent in continuously seeking medical advice and treatment. There was testimony tending to prove that, before disease of a bone develops, X-rays may not disclose injuries to the periosteum or to other soft tissues, though ultimately resulting in incurable arthritis

and permanent total disability. The injury was latent and progressive. The evidence shows without conflict that employee did not know that bones of his back were diseased until that fact was revealed by X-rays August 12, 1931. The true import of the evidence is that, while he was totally disabled from the start, he relied in good faith upon the advice of his physicians that his injuries were muscular and temporary, but that he nevertheless pursued diligently his efforts to learn the true nature of his infirmity. The delay in making a claim during this period, while he had reason to believe his injury was temporary and not of a serious nature, did not bar the proceeding for compensation until six months from the time he discovered through scientific examination by his physician by means of X-rays that his disability was total and permanent, the workmen's compensation law being liberally construed to give effect to its purposes, as it should be. In this view of the facts and the law, the compensation commissioner had jurisdiction and the proceeding was not barred for want of a claim within six months from the date of the accident. *Flesch v. Phillips Petroleum Co., ante,* p. 1, and cases cited in opinion.

Defendants argue further that a preponderance of the evidence requires a finding that the employee's disability resulted solely from infectious arthritis which existed before the accident. On this issue the testimony of physicians is conflicting. Total permanent disability as a result of arthritis was recognized by the expert witnesses on both sides, who were about equally divided in numbers, but the cause of the arthritis was vigorously contested. From physical examinations, X-rays and the history of the case, the physicians who testified on behalf of defendants expressed the opinion, in substance, that the disabling arthritis was caused by infection independently of the accident and was not aggravated by it, but a definite focus of infection was not pointed out. Employee on advice of a physician had his tonsils removed by surgery about January 8, 1931, without improving his

condition. Physicians who testified on behalf of employee were firm in the conviction that the accidental injury caused the arthritis. The better reasons and the circumstances confirm this view. The evidence is clear to the effect that prior to the accident the employee was free from pain and performed the duties of his employment comfortably to the satisfaction of his employer and immediately thereafter suffered severe pain and was totally disabled. The conclusion is, after considering all the evidence from every standpoint, that he made a case for compensation.

Attorney fees allowed by the district court for the benefit of plaintiff in the sum of $300 are challenged as excessive. His counsel took depositions in widely separated places and performed arduous duties in preparing and trying the case. The allowance is fully sustained by evidence which proves that the services were necessary and the fees reasonable.

The record, however, shows that the award of $12 a week for life exceeds the amount authorized by statute, which provides that after the first 300 weeks of total disability the employee shall receive for permanent total disability thereafter for life 45 per cent. of his wages at the time of injury, not exceeding $12 a week nor less than $4.50 a week. Comp. St. 1929, sec. 48-121. His weekly wage when injured was $24, and 45 per cent. thereof is $10.80, his weekly compensation for life. The judgment below is modified to make this correction and as thus modified is affirmed.

Since the recovery is reduced on appeal an attorney fee for plaintiff is not allowable for services in the supreme court.

AFFIRMED AS MODIFIED.