KATHERINE SURRATT, APPELLANT, V. OTOE FOOD PRODUCTS
COMPANY, APPELLEE.

21 N. W. 2d 862

FILED MARCH 1, 1946. No. 32050.

*Dwight Elliott* and *Frank Glebe,* for appellant.

*Davis, Stubbs & Healy,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEA-
GER, CHAPPELL, and WENKE, JJ.

MESSMORE, J.

The plaintiff, Katherine Surratt, filed her petition in the
workmen's compensation court July 6, 1943, alleging in sub-
stance that on September 11, 1939, she received personal
injuries arising out of and in the course of her employment
with the defendant as an attendant on a sorting machine;
that the nature and extent of the injury received was a
herniated intervertebral disc on the left side of her back re-
sulting in permanent disability; that the employer had
knowledge of the injury on March 12, 1943; and prayed for
such relief as the workmen's compensation law afforded her.
The answer was a general denial. The case was heard be-
fore a judge of the workmen's compensation court on Octo-
ber 13, 1943, and plaintiff's cause of action was dismissed
November 22, 1943, as being barred by the statute of lim-
itations. Upon request, a rehearing was granted before the
full compensation court. The rehearing was had on Janu-
ary 6, 1944, and the plaintiff's cause of action was dismissed
as being barred by the statute of limitations. Appeal was
taken to the district court for Scotts Bluff County where the

cause was heard on March 30, 1945, and on September 4, 1945, the district court entered a decree dismissing the plaintiff's cause of action for the reasons that the plaintiff had failed to prove her case as required by the workmen's compensation law, and that the cause of action was barred by the statute of limitations. From this decree of dismissal the plaintiff appeals to this court.

The plaintiff first contends that the district court erred in dismissing her cause of action on the ground that the same was barred by the statute of limitations.

The record discloses that prior to September 14, 1939, the date of the accident, the plaintiff's health was good. She was able to do housework, washings, and to assist her husband in picking potatoes, and at intervals to work for the defendant for short periods of time. On the day of the accident she was sorting corn which was brought down to her on a conveyor, and she was required to take the bad ears of corn off of the conveyor and place them in heavy galvanized tubs. The corn was proceeding down the conveyor at a rapid rate of speed, and the plaintiff was compelled to work fast to remove the bad ears of corn from the conveyor, and in attempting to keep up, she felt required to push the corn against the conveyor belt, which was hard to do, and in so doing, placed her right hip against the four galvanized tubs which were practically filled with the bad ears of corn. Her left foot slipped, and she caught herself to keep from falling. In so doing, she moved her right hip from the tubs and they started falling. She turned quickly and, as the tubs tipped, attempted to grab one of them, and as she did so the full force of one of the tubs struck her. She then felt a sharp pain in her back. A Mrs. Wood, working across from the plaintiff, saw what was happening and called to have the machinery stopped. The plaintiff stood by the conveyor for ten or fifteen minutes, and said at that time she felt numb, and ached. In the meantime the corn was picked up, and in fifteen minutes the conveyor belt was started and she resumed her duties. She did little work the rest of the afternoon and quit early. In leaving her place

of work, she had difficulty in walking. She did not return to work after the injury, and was unable to do her own housework.

The accident occurred on September 14, 1939. On Monday, September 18, 1939, the plaintiff called Dr. Williamson who diagnosed the case as several misplaced vertebrae, and thought that the plaintiff had taken cold in her back. The plaintiff saw Dr. Williamson the following Tuesday and Wednesday.

Defendant's counsel asked the plaintiff if she remembered making a statement to him on March 25, 1943, at her home, the substance of which was to the effect that she had informed Dr. Williamson that the strain she received at the defendant's place of business was what caused her back to hurt, and at that time did she say, "I believe I told him the first or second time I saw him." She answered that she might have made such statement, and was further asked by defendant's counsel what the fact was, as to whether she did or did not tell Dr. Williamson she had strained her back at the defendant's place of business. She answered: "It might be possible that I did and again I may not have, that I can not remember now."

The record establishes that prior to the accident plaintiff had no trouble with her back, but since the accident she has suffered with a backache continuously. She was under Dr. Williamson's care for about a year. Not getting any better, she consulted with, and was treated by, several physicians who varied in their diagnosis of her trouble. In February 1943, she consulted Dr. Bluemel of Denver, Colorado. He told her she had a twisted sacroiliac. He demonstrated to her in what manner she would have to twist her body to receive such an injury. It then occurred to her mind that she received just such an injury while in the employment of the defendant, and told the doctor about the accident. Subsequent thereto, about the 13th of July, 1943, she consulted with Dr. Hyndman of Denver, Colorado. He diagnosed her case as a herniated intervertebral disc on the left side of her back.

It is apparent from the record that the only instances in which she informed the numerous doctors she employed about the accident was as indicated previously in this opinion, by telling Dr. Williamson, and also at the time she consulted Dr. Bluemel.

In analyzing this assignment of error we consider the following: Section 48-133, Comp. St. 1929, as amended by Laws 1935, ch. 57, s. 21, p. 198, now section 48-133, R. S. 1943, contains the following provision with regard to notice of injury and the filing of claim for compensation: "No proceedings for compensation for an injury under this act shall be maintained unless a notice of the injury shall have been given to the employer as soon as practicable after the happening thereof, and unless the claim for compensation with respect to such injury shall have been made within six months after the occurrence of the same, or in case of death of the employee, or in event of his physical or mental incapacity, within six months after death or the removal of such physical or mental incapacity; * * * ."

Section 48-138, Comp. St. 1929, now section 48-137, R. S. 1943, setting forth the time within which action may be instituted, is as follows: "In case of personal injury, all claim for compensation shall be forever barred unless, within one year after the accident, the parties shall have agreed upon the compensation payable under this act, or unless, within one year after the accident, one of the parties shall have filed a petition as provided in section 48-172. In case of death, all claims for compensation shall be forever barred unless, within one year after the death, the parties shall have agreed upon the compensation under this act, or unless within one year after the death, one of the parties shall have filed a petition as provided in section 48-172. Where, however, payments of compensation have been made in any case, such limitation shall not take effect until the expiration of one year from the time of the making of the last payment. In the event of legal disability of an injured employee such limitation shall not take effect until the expiration of one year from the time of removal of such legal disability."

It will be observed from an examination of the quoted provisions of the statute that there are two specific limitations upon the right of recovery by action under the workmen's compensation law. The first is the filing of a claim by the employee within six months of the injury. The second is the filing of a petition with the workmen's compensation court within one year.

This court in cases where the substantial character of the injury was known at the time has uniformly upheld the literal terms of these two limitations. See, Kurtz v. Sunderland Bros. Co., 124 Neb. 776, 248 N. W. 84; Welton v. Swift & Co., 125 Neb. 455, 250 N. W. 661; Park v. School District, 127 Neb. 767, 257 N. W. 219; Dunlap v. City of Omaha, 131 Neb. 632, 269 N. W. 422; Price v. Burlington Refrigerator Express Co., 131 Neb. 657, 269 N. W. 425; Lind v. Nebraska National Guard, 144 Neb. 122, 12 N. W. 2d 652.

However, this court has held that where it was found that the true character of the injuries was not known at the time and that they were progressive the limitations above recited did not literally apply. See, Selders v. Cornhusker Oil Co., 111 Neb. 300, 196 N. W. 316; McGuire v. Phelan-Shirley Co., 111 Neb. 609, 197 N. W. 615; City of Hastings v. Saunders, 114 Neb. 475, 208 N. W. 122; Travelers Ins. Co. v. Ohler, 119 Neb. 121, 227 N. W. 449; Astuto v. V. Ray Gould Co., 123 Neb. 138, 242 N. W. 375; Flesch v. Phillips Petroleum Co., 124 Neb. 1, 244 N. W. 925; Montgomery v. Milldale Farm & Live Stock Improvement Co., 124 Neb. 347, 246 N. W. 734. It is clear however that under such conditions the limitations of these sections apply to the date of discovery of the true character of the injury.

The controlling fact and circumstances as disclosed by the record in the instant case is that the injury of the plaintiff, Katherine Surratt, suffered on September 14, 1939, immediately culminated in total disability which has continued without interruption almost down to the present time. The injury thus sustained was in its nature indisputably compensable from the date of its inception, if compensable at

all. The plaintiff knew her condition from day to day, and knew that she had a present total disability. She did not comply with section 48-133, Comp. St. 1929, as amended by Laws 1935, ch. 57, s. 21, p. 198, now section 48-133, R. S. 1943, and file a claim as required therein. Neither did she file a petition as required by section 48-138, Comp. St. 1929, now section 48-137, R. S. 1943.' It is clear that, under the circumstances and the evidence as disclosed by the record in the instant case, the plaintiff's cause of action is barred by the statute of limitations, and she comes within the conception of the cases heretofore cited that where the substantial character of the injury was known at the time, this court has uniformly upheld the two limitations as provided for by sections of the statute hereinbefore quoted.

We conclude the trial court did not err in dismissing the plaintiff's cause of action as being barred by the statute of limitations. Having so found, other assignments of error need not be determined, and the judgment of the trial court is affirmed.

AFFIRMED.

PAINE, J., participating on briefs.