LEONARD TURNER, APPELLANT AND CROSS-APPELLEE, V. BEATRICE FOODS COMPANY, APPELLEE AND CROSS-APPELLANT.

85 N. W. 2d 721

Filed November 1, 1957. No. 34239.

*Norma VerMaas,* for appellant.

*Healey, Davies, Wilson & Barlow* and *Kenneth Cobb,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is a workmen's compensation case. The appeal here involves largely the question of whether or not the plaintiff suffered a permanent partial disability entitling him to compensation following a period of temporary total disability.

The matter was first heard before one judge of the compensation court and compensation was denied. On rehearing before the court en banc, compensation was awarded for temporary total disability for a period of

17 5/7 weeks, less credits for payments made; medical and hospital bills were allowed as a liability of the defendant; and a claim of compensation for permanent partial disability was denied.

Plaintiff took the matter on appeal to the district court claiming an award for permanent partial disability and one disallowed item for medical services.

The district court heard the matter under the provisions of section 48-184, R. S. Supp., 1955, dismissed the appeal, and affirmed the award of the compensation court.

We review the cause here de novo on the record. See Werner v. Nebraska Power Co., 149 Neb. 408, 31 N. W. 2d 315. We affirm in part and reverse in part, and render judgment allowing compensation for permanent partial disability.

The record is somewhat voluminous and consists largely of the testimony of physicians as to their findings at different times and their conclusions thereon. We recite only those matters deemed necessary to determine this appeal.

Plaintiff was a young man about 30 years of age. He was able to perform physical labor. In August 1952 he was employed by defendant as a wholesale route man making deliveries of heavy cans of milk and other commodities. He suffered an injury in May 1953 with resulting pains localized in the lower back. He was hospitalized, was put in traction, and a myelogram was performed. It was then discovered that he had a congenital sixth vertebrae. The cause of the disability was not definitely diagnosed. He was released to return to work, and did so in July 1953.

His physician, however, required that he wear a low back brace. Plaintiff did so from that time forward during all of his employment by the defendant.

Plaintiff worked for the defendant thereafter without interruption until October 7, 1955, when he suffered a compensable injury.

Plaintiff testified that defendant was notified of the accident on October 8, 1955. Without question defendant was notified on October 11, 1955. Plaintiff was hospitalized October 12, 1955. After a series of diagnostic tests a laminectomy was performed on October 27, 1955, and a herniated disc removed. The operation appears to have been successful and a normal recovery was had.

Plaintiff was ready and able to return to work in February 1956. The doctors did not approve wearing the back brace after the operation and plaintiff was told to discontinue its use, which he did sometime in March 1956. Light work was approved. The defendant failed or refused to re-employ plaintiff. He went to work on February 13, 1956, as a wholesale bread salesman. This employment did not require heavy lifting. He has since been gainfully employed in that work.

The controversy here arises because of different estimates given at different times by different physicians as to the extent and permanence of plaintiff's disability. One physician estimated a disability as of December 14, 1953, of 25 percent, which he stated was, in his opinion, not a permanent condition. One physician estimated that in May 1955 plaintiff had a permanent partial disability of 35 to 40 percent. The evidence is that the back condition for which he was then wearing the brace was improving thereafter. One physician estimated that on October 7, 1955, based on a hypothetical question, plaintiff had a disability of 5 percent or less. One physician estimated that as of January 1956 plaintiff had a temporary partial disability of 25 to 30 percent. One physician estimated that as of September 25, 1956, plaintiff had a permanent partial disability of 20 percent. One physician estimated that as of December 11, 1956, plaintiff had a permanent partial disability of the back, based on the work he was then doing, of 15 percent.

Based on these percentages of disability, defendant argues that plaintiff in December 1956 had a lesser

degree of disability than he had before October 7, 1955; that his disability, therefore, was not aggravated by the accident of October 1955; and that he consequently is not entitled to an award of permanent partial disability.

The error of defendant's reasoning is demonstrable. Prior to October 7, 1955, plaintiff without question had a physical impairment of the lower back. He was able to and did compensate for that by the wearing of the back brace. He had no industrial disability in the work which he was performing. After October 7, 1955, he had a physical impairment of the lower back. It was caused by the effects of the operation removing the herniated disc which was required by the condition caused by the accident. He was not able to wear a brace to compensate for the impairment. He had an industrial disability in the work which he was performing.

We have held that when an employee meets with an accident which accelerates or aggravates an existing impairment to a state of disability, such disability not being the result of a natural progression of the impairment, there may be an award of compensation therefor. McCoy v. Gooch Milling & Elevator Co., 156 Neb. 95, 54 N. W. 2d 373.

Accordingly we hold that plaintiff is entitled to compensation for permanent partial disability.

It is noted that the doctors' estimates of the permanent partial disability varied from 15 to 20 percent.

The statute provides in part: "For disability partial in character, * * * the compensation shall be sixty-six and two-thirds per cent of the difference between the wages received at the time of the injury and the earning power of the employee thereafter, but such compensation shall not be more than thirty dollars per week. This compensation shall be paid during the period of such partial disability, but not beyond three hundred weeks after the date of the accident causing disability.

Should total disability be followed by partial disability, the period of three hundred weeks mentioned in this subdivision shall be reduced by the number of weeks during which compensation was paid for such total disability." § 48-121, R. S. Supp., 1955.

The evidence is without dispute that plaintiff's wages for the period before the accident of October 7, 1955, averaged $100 per week. He received in addition $6 a week expense money which was tax exempt. We hold that the "wages received" were $100 per week.

What was plaintiff's "earning power" thereafter? We defined that term in Anderson v. Cowger, 158 Neb. 772, 65 N. W. 2d 51. Here the earning power is testified to in the form of wages earned after plaintiff returned to work. He testified that his average earnings were $85 to $90 a week. There is no other evidence as to that question. This must be accepted as evidence of an earning power of $90 a week, that being the figure less favorable to the plaintiff who offered the alternative evidence. See Granger v. Byrne, 160 Neb. 10, 69 N. W. 2d 293.

Plaintiff's wage at the time of the injury was $100 a week. His earning power thereafter was $90 a week. The difference is $10. Plaintiff's compensation is fixed at 66 2/3 percent of $10, or $6.67 per week. The compensation court found that plaintiff had a temporary total disability from October 12, 1955, to February 12, 1956, or 17 5/7 weeks. The finding and award of the compensation court is as to that affirmed.

Accordingly plaintiff is entitled to be paid compensation for permanent partial disability for 282 2/7 weeks at the rate of $6.67 per week, beginning February 13, 1956.

Defendant is entitled to credit for payments made of compensation for temporary total disability of $30 per week paid for 16 weeks as found by the compensation court.

The compensation court decreed that the defendant

should pay for and on behalf of the plaintiff the sum of $287 to Dr. Frank Stone, $480.40 to the Lincoln General Hospital, and $30 to Dr. Frank Cole. Plaintiff challenges the payment as to amount to Dr. Stone, contending that it is $18 less than the amount claimed. Dr. Stone's bill was for $305. It was stipulated to be a reasonable charge for the services rendered to the plaintiff. The compensation court disallowed a charge on September 25, 1956, for office call and X-ray in the sum of $18. The facts do not appear clearly in the evidence about this charge. It was for services rendered 2 days before the hearing before the one judge of the compensation court where Dr. Stone was a witness. We find no showing that the $18 item was legally chargeable to the defendant. The finding of the compensation court in that regard is affirmed.

Defendant by cross-appeal here presents the contentions that the findings of fact are not supported by the evidence and do not support the award; that the finding that a pre-existing condition was aggravated by the "incident" of October 7, 1955, is erroneous; that the court erred in finding that the "accident" of October 7, 1955, caused the herniated disc; that the award for temporary total disability "as a result of the accident on October 7th, 1955," was erroneous; and that the court erred in ordering "the plaintiff" to pay the doctor and hospital bills. These contentions are based on the same propositions of law and argument advanced in resistance to the appeal. Ultimately they rest on the contention that plaintiff's "pre-existing condition was not aggravated." Without rediscussing the matters, we deny the cross-appeal.

As above pointed out, the trial court dismissed plaintiff's appeal and affirmed the order of the compensation court.

On trial de novo we affirm the order of the trial court affirming the award of the compensation court, decreeing that the plaintiff have and recover compensation for

temporary total disability at the rate of $30 per week for the period of 17 5/7 weeks from October 12, 1955, to and including February 12, 1956, less credit for 16 weeks compensation for temporary total disability which has been paid in the sum of $30 per week; and decreeing that defendant pay on behalf of the plaintiff the sum of $287 to Dr. Frank Stone, $480.40 to Lincoln General Hospital, and $30 to Dr. Frank Cole.

We reverse the judgment of the trial court and the compensation court denying payments for permanent partial disability and decree that defendant shall pay the plaintiff compensation for permanent partial disability for 282 2/7 weeks beginning February 13, 1956, at the rate of $6.67 per week.

AFFIRMED IN PART, AND
IN PART REVERSED.