George C. Borowski, appellee, v. Armco Steel Corporation, appellant.

198 N. W. 2d 460

Filed June 16, 1972. No. 38431.

Ross & Schroeder, for appellant.

O. William Von Seggern of Cunningham & Blackburn, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

This is an appeal by Armco Steel Corporation, defend-

ant, from a compensation award to George C. Borowski, plaintiff. The only issue involved is whether or not the action was barred by the statute of limitations prior to its commencement on November 30, 1970. We affirm.

On November 15, 1965, while in the employ of the Armco Steel Corporation as an ironworker, plaintiff sustained an injury in the course and scope of his employment. Defendant admits the accident, which occurred when a steel beam fell on plaintiff's right thigh. In the accident his leg was doubled underneath him, and the iron beam was lying across his right thigh. He was taken to St. Francis Hospital, where he was treated by Doctor Bechtel. He was in the hospital for 1½ days but was off work for 2 weeks. When he returned to work he was given lighter chores. He remained with the defendant for 3 or 4 months when his employment was terminated because the job was nearing completion.

The attending physician related plaintiff's physical condition at the time of his injury as follows: "The only positive finding I could find was that he had an obvious injury to the quadriceps muscle of the right lower extremity; the right mid-thigh area; contusions and muscular injuries of the quadriceps muscle of the right thigh." Plaintiff saw Doctor Bechtel for checkups several times during the next 2½ months. All treatments and visits to Doctor Bechtel were paid for by the compensation carrier. Doctor Bechtel informed plaintiff that he suffered damages to the muscles of his upper leg; it would be a slow healing process; and he would feel discomfort or be sore for quite some time, but not to be alarmed. After a period of months the pain subsided.

In the middle part of 1968, plaintiff again began having recurrent discomfort and pain in his leg. He consulted Doctor House, a Grand Island orthopedic surgeon, in August of 1968. He visited Doctor House on seven occasions from that time until the middle of October 1969. The following excerpt from Doctor House' report

is some indication of the condition of the plaintiff during this period of time: "The pain is located in the posterior portion of the patient's thigh, outer portion of the calf with occasion of extension into the patient's foot. The pain that he describes is associated with periods of numbness in the leg and a feeling of heat in the leg. * * * He has had definite back injury prior to this however, in 1966 (1965) his right leg was struck by a beam while working at the New Holland Plant, this laid him up partially for a period of about two to four weeks and then he apparently made a satisfactory recovery although there is still evidence of some transverse creasing of the muscle in the upper third of the thigh anteriorly where he apparently has had some residual muscle damage. * * *

"He has normal motion of the back, forward flexion is slightly uncomfortable. * * *

"On review of x-rays of the lumbrosacral spine other than for evidence of a mild pelvic tilt low on the left and partapes slight narrowing of the L-5, S-1 interspace no other particular abnormality was noted."

Doctor House prescribed the wearing of a built-up right shoe and prescribed muscle relaxants. On January 13, 1970, plaintiff again consulted Doctor Bechtel, who had returned from military service. Doctor Bechtel referred him to Doctor Richard Smith, an orthopedic surgeon, practicing in Omaha. Doctor Smith's history indicates that the plaintiff had no idea that he could conceivably have a back problem. Doctor Smith admitted him to the hospital in April 1970, and performed a myelogram. This revealed a herniated disc at the lumbar sacral inner space, injuring the right first sacral root. It was Doctor Smith's opinion that the herniated disc resulted from the injuries received in the accident in 1965. He also testified that the plaintiff, who had a successful lumbar laminectomy, would have a 10 percent permanent partial disability.

On March 16, 1971, the compensation court awarded

plaintiff total temporary and permanent partial disability and directed the defendant to pay certain medical expenses. Defendant waived hearing before the compensation court sitting en banc, and appealed to the district court for Hall County. After trial in that court, the judgment or award of compensation was affirmed in all respects, and plaintiff allowed the sum of $250 attorneys' fees. This appeal resulted.

Section 48-137, R. R. S. 1943, so far as material herein, reads as follows: "In case of personal injury, all claims for compensation shall be forever barred unless, within one year after the accident, the parties shall have agreed upon the compensation payable under this act, or unless, within one year after the accident, one of the parties shall have filed a petition as provided in section 48-173." This case is controlled by that statute, unless the plaintiff's injury was latent and progressive. In Clary v. R. S. Proudfit Co. (1933), 124 Neb. 582, 247 N. W. 417, we held: "* * * a latent accidental injury, seeming at first to be trifling and noncompensatory, but subsequently resulting in a progressive disease and a disability, occurs when its true nature is first discovered by him or when the diseased condition culminates in disability."

It seems to be defendant's position that since plaintiff had recurring difficulty with his right leg almost continuously from the time of the accident and this injury was initially compensable, it cannot be contended that the injury herein was latent or progressive within the meaning of our cases. This argument is adequately answered by what we said in Williams v. Dobberstein (1968), 182 Neb. 862, 157 N. W. 2d 776: "It is unreasonable to conclude that an injury is not latent merely because the plaintiff suffered pain, when thereafter several physicians were unable to correctly diagnose his injury. In Welke v. City of Ainsworth, 179 Neb. 496, 138 N. W. 2d 808, we reaffirmed the rule of Astuto v. Ray Gould Co., 123 Neb. 138, 242 N. W. 375: 'If an em-

ployee suffers an injury, which appears to be slight, but which is progressive in its course, and which several physicians were unable to correctly diagnose, his failure to file claim, or bring suit within the time limited by law, will not defeat his right to recovery, if he gave notice and commenced action within the statutory period after he had knowledge that compensable disability resulted from the original accident.' See, also, Ohnmacht v. Peter Kiewit Sons Co., 178 Neb. 741, 135 N. W. 2d 237."

Pain alone is not compensable under our statute. Here, the plaintiff carried on his regular occupation and did not learn of the herniated disc until he was hospitalized in April of 1970. There is no question on this record but that the herniated disc resulted from the injuries plaintiff sustained in the accident of 1965. There also can be little question the defendant did not know he had a back ailment until April of 1970. This action was commenced within 1 year from that date. In 1965, the defendant paid compensation for what appeared to be a minor injury. It is now apparent that the herniated disc resulted from that accident. This is within our rule. Section 48-137, R. R. S. 1943, runs from the time it became apparent that a compensable injury has been sustained. This rule applies where it later becomes apparent that a much more serious injury resulted from the accident than was at first supposed, and the plaintiff had no knowledge that such was the situation, which is this case.

In Gifford v. Ag Lime, Sand & Gravel Co. (1971), 187 Neb. 57, 187 N. W. 2d 285, we said: "On appeal of a workmen's compensation case to the Supreme Court, if there is reasonable competent evidence to support the findings of fact in the trial court, the judgment, order, or award will not be modified or set aside for insufficiency of the evidence." That situation prevails herein.

We affirm the judgment. Plaintiff is allowed an attorneys' fee of $500 for services in this court.

AFFIRMED.

NEWTON, J., concurring.

I concur in the result arrived at in this case. The appellee had been steadily employed since his original injury. The adverse effects of the injuries he received progressively increased until it became apparent that his capacity or ability to work had decreased. Under such circumstances he is entitled to recover. See Peek v. Ayers Auto Supply, 157 Neb. 363, 59 N. W. 2d 564.