Morris Raymond, appellee, v. Buckridge, Inc., appel-
lant, Impleaded with State of Nebraska, Second
Injury Fund, appellant.
237 N. W. 2d 412

Filed January 15, 1976. No. 40084.

Joseph H. McGroarty of McGroarty, Welch, Langdon
& McGill, for appellant Buckridge, Inc.

Paul L. Douglas, Attorney General, and Harold S.
Salter, for appellant State of Nebraska, Second Injury
Fund.

Matthews, Kelley, Cannon & Carpenter, for appellee.

Heard before White, C. J., McCown, Newton, and
Clinton, JJ., and Kuns, Retired District Judge.

Kuns, Retired District Judge.

This is an appeal from the District Court for Dodge
County, Nebraska, affirming an award made by the Ne-
braska Workmen's Compensation Court in favor of Mor-
ris Raymond, appellee, against Buckridge, Inc., and State
of Nebraska, Second Injury Fund, appellants.

The appellee scraped an ankle against a brake pedal
when leaving his automobile in the employer's parking
lot on May 3, 1972, the injury, complicated by his di-

abetic condition, worsened to the extent that he was hospitalized on June 28, 1972, and it became necessary to amputate his right foot on July 3, 1972; and he did not make any claim against his employer for workmen's compensation benefits until he filed this action on May 31, 1973. Both appellants defended upon the ground that no claim was filed within 6 months as required by section 48-133, R. R. S. 1943.

The compensation court made the following finding: "That the plaintiff suffered an injury which appeared to be slight but which was progressive in its course and the plaintiff was not aware of the real nature and extent of his injury until he was hospitalized on June 28, 1972; that the injury culminated in total loss of his right foot by amputation on July 3, 1972; that the plaintiff's petition was filed on May 31, 1973, within one year from the time the plaintiff had knowledge of the extent of his injury; that although there is no evidence of plaintiff ever making a written or oral claim specifically for workmen's compensation benefits until the petition was filed, defendant employer was aware on and after July 3, 1972, that plaintiff was making claim for benefits against the group health and accident insurance coverage furnished by Buckridge, Inc. to Buckridge, Inc. employees and Buckridge, Inc. knew or reasonably should have known that in the process of making such claim plaintiff was asserting that the accidental injury occurred on Buckridge, Inc. premises; that the plaintiff reasonably was not aware that accidents on parking lots of employers may be compensable under workmen's compensation laws until May, 1973, and then immediately filed his petition; that the failure of an injured employee to make a claim pursuant to Section 48-133, of the Nebraska Workmen's Compensation Act, where it is shown that he reasonably did not know or suspect that his injury was or might be compensable, ought not, in the absence of a clear showing of prejudice to the employer, bar the employee's subsequent action for compensation

if the claim therefor was made within six months after such knowledge was acquired; that there is no evidence indicating any prejudice to the defendants arising from the plaintiff's failure to make a claim specifically for workmen's compensation within six months after the occurrence of the injury." The facts referred to in the finding are supported by the record. The only question presented by the appeal is whether the law is correctly applied to these facts.

The appellants rely upon Good v. City of Omaha, 102 Neb. 654, 168 N. W. 639 (1908), as a controlling precedent. In that case, as here, the employer had knowledge of the injury, and the plaintiff did not give notice of the injury or make claim for compensation. This court stated: "It is argued by plaintiff that this provision makes no distinction between giving 'notice of injury' and making 'claim for compensation,' and that, inasmuch as the notice is unnecessary where the employer has knowledge of the injury, then in such case no claim for compensation need be made. We are of opinion that the provision will not bear such construction and is unambiguous. In Simon v. Cathroe Co., 101 Neb. 211, we recognize the giving of notice and the making of the claim as distinct and separate prerequisites to the bringing of an action." The statute in this regard has not been amended since this statement was made. If, during the past 50 years, the Legislature had determined that the requirement of making a claim was unduly burdensome or that it brought about unfair and unjust results, appropriate amendments could have been made.

Appellee argues that the period for making a claim should be extended during the time when he did not know that he might be entitled to compensation for disability due to an injury sustained in the employer's parking lot. He attempts to draw an analogy to the cases in which this period is extended when a latent injury does not culminate in disability until a later time. Such a situation existed in Williams v. Dobberstein, 182

Neb. 862, 157 N. W. 2d 776 (1968), when this court said: "Pain alone is not compensable under our statute and disability is the basic factor which gives rise to a claim for compensation. . . . We hold that under the Nebraska Workmen's Compensation Act, the period of limitation provided in section 48-137, R. S. Supp., 1965, runs from the time it is reasonably apparent that a compensable injury has been sustained, if the employee is aware that the disability is due to his employment."

In this case, the appellee was aware of the time and place of his injury and the onset of his disability on July 3, 1972. Although he did not make a claim for compensation, he did pursue his remedies upon other policies of insurance provided by the employer for the protection of himself and his family, collecting sums which would not have been due for a disability covered by the Workmen's Compensation Act. This dispels any idea that he was mentally incapacitated and thus unable to make his claim. For failure to make such claim within 6 months from July 3, 1972, this action cannot be maintained.

The judgment of the District Court is reversed and the cause is remanded with directions to dismiss the same as to each of the defendants.

REVERSED AND REMANDED.